# EXHIBIT 1

**LaBarbiera & Martinez**
By: Luis A. Martinez, Esq.
Attorney ID: 038101990
9252 Kennedy Boulevard
North Bergen, New Jersey 07047
Tel. No: (201) 854-6444
Fax No: (201) 854-6442
Attorney for Plaintiff, Juan R. Vega and Maria Vega his wife

|  |  |
|---|---|
| Juan R. Vega and Maria Vega his wife, | SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY |
| Plaintiffs, | CIVIL ACTION |
| Vs. |  |
| Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp., 1-X, (said name being fictitious, true name presently unknown) John Doe 1-X, (said name being fictitious, true name presently unknown) | DOCKET NO. HUD-L-

COMPLAINT, JURY DEMAND,
DEMAND FOR INTERROGATORIES
AND DEMAND FOR ORAL
DEPOSITION |
| Defendant, |  |

Plaintiff, **Juan R. Vega**, residing at 316-11th St., in the City of Union City, County of Hudson and State of New Jersey by way of Complaint against the Defendants, say that:

### FIRST COUNT

1. On or about October 12, 2016, the Plaintiff, **Juan R. Vega**, was an operator of a certain truck traveling south on the New Jersey Turnpike, in Moorestown, and State of New Jersey.

2. At the time and place aforesaid, the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X** (said names being fictitious, true names presently unknown) and **John Doe 1-X** (said names being fictitious, true names presently unknown), was/were the owner(s) of a truck traveling south on the New Jersey Turnpike behind plaintiff's truck, in the Township of Moorestown, and State of New Jersey.

1

4. At the time and place aforesaid, the Defendant, **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown)** and **John Doe 1-X (said names being fictitious, true names presently unknown)**, was/were negligent and careless in the operation of said truck, in that he failed to make proper observations, failed to stop causing his truck to strike plaintiff's truck in the rear, in the Township of Moorestown, and State of New Jersey.

5. As a direct and proximate result of the negligence, carelessness and reckless disregard of the Defendant(s), as stated above, the Plaintiff, **Juan R. Vega**, was caused to sustain severe and serious injuries to his head, neck, back, body, limbs and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting there from, are permanent in nature. As a further result of said injuries, the Plaintiff, **Juan R. Vega** was required to expend diverse sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting there from, and the Plaintiff, in the future, will be required to submit to further medical attention. As a further result of said injuries, the Plaintiff, **Juan R. Vega**, has been unable to perform his usual daily tasks and employment, has lost income and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which have prevented him from enjoying the normal fruits of his existence, both socially and economically, and as he was otherwise damaged.

**WHEREFORE**, the Plaintiff, **Juan R. Vega**, demands judgment for money damages against the Defendants jointly and/or severally, plus interest and costs of suit.

## SECOND COUNT

1.   Plaintiff repeats the allegations of the First Count of this Complaint as if set forth herein at length.

2.   Upon information and belief and at all times herein before mentioned the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe. 1-X (said names being fictitious, true names presently unknown)** was/were corporations and/or companies doing business in the State of New Jersey.

3.   At all times hereinafter mentioned, the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, was/were the owner(s), lessor(s), lessee(s) and/or renter(s) of a certain truck which was being operated with their permission by the Defendant, as stated above, as their agent, servant, and/or employee traveling south on the New Jersey Turnpike behind plaintiff's truck, in the Township of Moorestown, and State of New Jersey.

4.   On or about October 12, 2016, and at all times relevant hereto, the Defendant, **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, was/were operating the said truck in the service of and in the course of his/her employment with the Defendant(s), as stated above, and thereby at all times herein mentioned, was acting as the agent, servant and/or employee of the said Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**.

5.   As a result of the negligence, carelessness and recklessness of the Defendant(s), **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, in the

operation of the aforesaid truck as previously set forth in Count One, while in the course of his/her employment and in the service of the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, severe and serious injuries and other damages were caused to the Plaintiff, **Juan R. Vega**.

6. As a result of the acts of negligence, carelessness and recklessness of the Defendant, as stated above, while in the course of his/her employment with and in the service of the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, are liable to the Plaintiff for the negligent and reckless acts above stated of their agent, servant and/or employee, the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, under the doctrine of Respondent Superior and for all personal injuries and other damages herein sustained.

WHEREFORE, the Plaintiff, Juan R. Vega, demands judgment for money damages against the Defendants jointly and/or severally, plus interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations of the First and Second Counts of this Complaint as if set forth herein at length.

2. On or about October 12, 2016, the Defendant, **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown), and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, operated the previously described truck in such a careless, reckless and negligent manner, in that he failed to make proper

4

observations, failed to stop causing his truck to strike plaintiff's truck in the rear, in the Township of Moorestown, and State of New Jersey. Consequently, the Defendant caused the Plaintiff to sustain and suffer the injuries and other damages hereafter alleged.

3. Upon information and belief and at all times hereinafter mentioned, the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown) and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, or any of them, through their actions and in-actions, negligently enabled the Defendant, as stated above, to obtain the use of the subject truck and were otherwise negligent in that they knew or reasonably should have known that the Defendant, **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown) and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, was an individual who had repeatedly improperly operated a truck.

4. Upon information and belief and at all times hereinafter mentioned, the Defendant(s), **Jason Kilburn, Ray & Sheri Trucking, LLC, ABC Corp. 1-X (said names being fictitious, true names presently unknown) and/or John Doe 1-X (said names being fictitious, true names presently unknown)**, or any of them, acted with negligent and reckless disregard of the safety of the general public at large in enabling the Defendant, as stated above, to obtain the use of a truck, an inherently dangerous instrumentality, without investigating the driving record and/or history of the Defendant(s), **Jason Kilburn, ABC Corp. 1-X (said names being fictitious, true names presently unknown) and/or John Doe 1-X (said names being fictitious, true names presently unknown).**

6. As a direct and proximate result of the negligence, carelessness and reckless disregard of the Defendant(s), as stated above, the Plaintiff, **Juan R. Vega**, was caused to sustain severe and serious injuries to his head, neck, back, body, limbs and nervous systems, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish. Upon information and belief, said injuries, or some of them, and the disabling effects resulting there from, are permanent in nature. As a further result of said injuries, the Plaintiff, **Juan R. Vega**, was

5

required to expend diverse sums of money for medical care and attention, which was administered to him in an attempt to cure and/or alleviate said injuries and the disabling effects resulting there from, and the Plaintiff, in the future, will be required to submit to further medical attention. As a further result of said injuries, the Plaintiff, **Juan R. Vega**, has been unable to perform his usual daily tasks and employment, has lost income and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which have prevented him from enjoying the normal fruits of his existence, both socially and economically, and as he was otherwise damaged.

　　　　**WHEREFORE**, the Plaintiff, **Juan R. Vega,** demands judgment for money damages against the Defendants jointly and/or severally, plus interest and costs of suit.

## FOURTH COUNT

1.　　Plaintiff, **Maria Vega**, repeats, reiterates and re-alleges each and every allegation of the First, Second, and Third Counts as if the same were more fully set forth herein at length.

2.　　At all times hereinafter mentioned, the Plaintiff, **Maria Vega**, was the lawful wedded wife, of the Plaintiff, **Juan R. Vega**, and as such was entitled to his services, love, affection and consortium.

3.　　As a result of the Defendant's negligence and carelessness, Plaintiff, **Andrea Healy** has and will in the future be deprived of companionship, love, affection and consortium of the Plaintiff, **Juan R. Vega**.

　　　　**WHEREFORE**, the Plaintiffs, **Juan R. Vega and Maria Vega**, demand judgment against the Defendants jointly, severally and/or in the alternative for damages together with interest and costs of suit.

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demand a Trial by Jury on all the issues raised in the within Pleadings.

LABARBIERA & MARTINEZ<br>
Attorneys for Plaintiffs<br>
Juan R. Vega and Maria Vega

Date: June 8, 2017            BY: _____
                                   LUIS A. MARTINEZ, ESQ.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, LUIS A. MARTINEZ, is designated as trial counsel.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R. 4:17-1(b)(ii), Plaintiff hereby demands that, in lieu of service of interrogatories, that Defendants provide answers to the uniform interrogatories set forth in Form C of Appendix II. Pursuant to R. 4:17-4(b), said Defendants shall serve answers upon Plaintiff within sixty (60) days from the date that this Demand was served.

Pursuant to R. 4:17-1(b)(i), Plaintiff reserves the right to propound supplemental interrogatories.

## NOTICE TO TAKE DEPOSITIONS

**PLEASE TAKE NOTICE THAT**, in accordance with the Rules of Civil Practice and Procedure, Defendants, **Jason Kilburn, Ray & Sheri Trucking, LLC,** testimony will be taken by deposition upon oral examination before a person authorized by the laws of the State of New Jersey to administer oath on a date to be determined, at the offices of LaBarbiera & Martinez, 9252 Kennedy Boulevard, North Bergen, New Jersey, with respect to all matters relevant to the subject matter involved in this action.

                                                                                    LaBARBIERA & MARTINEZ
                                                                                    Attorneys for Plaintiffs
                                                                             Juan R. Vega and Maria Vega

Date:  June 8, 2017                    BY: _____
                                                            LUIS A. MARTINEZ, ESQ.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

                                                                                    LaBARBIERA & MARTINEZ
                                                                                     Attorneys for Plaintiffs
                                                                             Juan R. Vega and Maria Vega

                                                By: _____
                                                                   LUIS A. MARTINEZ, ESQ.

Date:  June 8, 2017

## PLAINTIFF'S DEMAND FOR DISCOVERY

**PLEASE TAKE NOTICE** that you are required to provide the following materials pursuant to the applicable provisions of Rule 4:10 and Rule 4:18 returnable at the offices of LaBarbiera and Martinez, 9252 Kennedy Blvd., North Bergen, NJ 07047, within thirty (30) days of service of this notice, as per the enumerated subdivisions below:

(A)   AS TO THE DEMAND FOR VIDEOS, SURVEILLANCE MATERIALS, OUT-TAKES, PHOTOGRAPHS, ETC.:

a. All photographs, slides, videotapes, or audiotapes, transcripts, or memoranda thereof, and/or motion pictures, surveillance photographs/motion pictures, out-takes, tape recording, movies, visual, optical and/or audio and/or magnetic reproductions of descriptions of each plaintiff purporting to depict the plaintiff, plaintiff's activities, actions, speech, etc.

b. All photographs of the scene of the underlying occurrence;

c. All photographs of the vehicles (if applicable) involved in the underlying occurrences;

d. All photographs (if applicable) of the instrumentality (e.g., machinery, product, etc.) involved in the underlying occurrence; and

e. The time records, records of amount of footage of film or videotape used; the type of equipment used to take, develop, and convert such film or videotape; the make and model of all equipment, lenses and range settings employed by defendant(s) and/or defendant('s)(s') photographers, investigators, and/or other used or associated in conjunction with the surveillance, tape recordings, etc., of the injured plaintiff and all memoranda pertaining thereto.

NOTE:(A)   The discovery of materials enumerated in items 1 through 5 of this subdivision (A) require the production of <u>all</u> such materials (e.g., surveillance photographs, motion pictures, videotapes, visual and/or audio reproductions, out-takes, etc.), <u>not</u> merely the portions that defendant(s) will select to proffer into evidence at the trial of this action.

NOTE: If the defendant(s) fail to disclose such surveillance materials (using the words generically) prior to plaintiff's deposition, then plaintiff shall:

(1) Move at the trial to exclude all such surveillance and its by-products; and/or

(2) Move the exclude/suppress all of plaintiff's deposition testimony relating to the improperly suppressed/undisclosed pre-disposition surveillance materials and its progeny; and/or

(3) Seek other appropriate and equitable relief at trial by reason of defendant ('s)(s') non-compliance with this demand.

NOTE: (C) The "surveillance materials" referred to above are to be produced at the undersigned's office for inspection and copying within twenty (20) days after the completion of your deposition of the plaintiff(s).

NOTE: (D) This constitutes a continuing demand.

NOTE: (E) In the event that any such surveillance materials come into your possession, custody or control, or into the possession, custody or control of any party you represent in this action and/or any individual or entity acting on behalf of any party after the date of this demand, such materials must be produced at the office of the undersigned for inspection and copying forthwith and within a reasonable time prior to the trial herein pursuant to this continuing demand/notice.

(B) AS TO THE DEMAND FOR "PARTY STATEMENTS":

You are required to reproduce any and all statements in the possession, custody or control of any party you represent in this action and/or on whose behalf such statements were taken from the plaintiff(s) we represent, or from any agent, servant or employee f such plaintiff, whether

such statements were oral, written, or electronically recorded, irrespective of whether or not such statements have been transcribed or reduced to written or typed form.

 (C) AS TO INSURANCE (BASIC, ESCESS, UMBRELLA, "CATASTROPHE", ETC.) INFORMATION:

 Pursuant to Rule 4:10-2(b), plaintiff(s) demand(s) that the defendant(s) produce the following:

 (1) A complete, true, and accurate copy of the original policies of insurance covering each and every primary, contributing, umbrella, catastrophe, and/or excess insurance agreement under which any person or entity carrying on any insurance business may be liable to satisfy part or all of a judgment that may be entered in this action against any and/or all defendant(s), or to indemnify or reimburse for payments made to satisfy the judgment;

 (2) Each and every insurance agreement in which the insurer is obligated to defend this action;

 (3) Any applicable insurance agreements insuring the defendant(s) in this action;

 (4) The policy limits of any and all such agreements, the full name and address of each such insurer, and the policy number(s);

 (5) If there are any other claims pending or paid against any such insurance coverage, set forth:

  a. The total amounts already paid from each policy; and
  b. The number of claims made against each policy; and
  c. The total and damnums of any pending claims against each policy; and
  d. The net remaining insurance coverage available.

 (6) If there are no other claims pending or paid, an affirmative statement to that effect is required.

(7) If, after requisite investigation, no such reinsurance, excess liability, "umbrella", or "catastrophe" policies are found to exist, so safe in a probative sworn reply to this demand.

(D) WITNESSES' IDENTITIES:

Plaintiff(s) demand that the defendant(s) produce the names and addresses of any and all of the following persons:

(1) The individuals who witnessed the underlying occurrence;

(2) The individuals who were res gestae witnesses;

(3) The individuals who received actual notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(4) The individuals who received constructive notice of the underlying conditions which constituted a contributing factor to the underlying occurrence;

(5) Individuals who will testify as to any alleged admission(s) made by and/or inferable and/or chargeable and/or imputed to the plaintiff(s);

(6) The individuals who have firsthand knowledge pertaining to the injuries and/or damages which are claimed herein;

(7) All individuals whom defendant(s) will call at trial to testify in connection with and/or pertaining to the injured plaintiff's physical condition, status, disabilities, injuries, permanencies, pre-existing conditions, re-injuries and damages;

(8) The identities of all investigators and/or photographers who filmed, tape recorded, etc., the injured plaintiff and/or were otherwise involved in the filming, videotaping, tape recording, etc., of the injured plaintiff.

(E) AS TO THE DEMAND FOR EXPERT WITNESS DISCLOSURE:

A statement disclosing in reasonable detail the following:

    (1)    The identify of each expert (name and address) whom each defendant intends to call at the trial of this action;

    (2)    The subject matter in reasonable detail upon which each expert is expected to testify at the trial of this action;

    (3)    The substance of the facts and opinions upon which each expert is expected to testify at the trial of this action;

    (4)    A summary of the grounds of each expert's opinion;

    (5)    The complete qualifications of each expert witness whom defendant(s) intend(s) to call at the trial of this action.

    (F)    DEMAND FOR DOCUMENTS REGARDING INSPECTION, MAINTENANCE AND/OR REPAIR OF CONDITION

PLEASE TAKE FURTHER NOTICE, that the undersigned demands on behalf of the plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discover, inspect, and photocopy, each and every record of inspection, maintenance, request for repair and repair at the area of the condition(s) complained of in the complaint during the two (2) year period prior to and including the date of the occurrence within including, but not limited to, written requests, authorizations, permits, permit applications, work orders, out-forms, contracts, logs, log books, letters, charts, maps, diagrams, and/or repair orders.

    (G)    DEMAND FOR VEHICLE MAINTENANCE AND REPAIR RECORDS

PLEASE TAKE NOTICE, that the undersigned demands on behalf of the plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discovery, inspect, and photocopy each and every record of inspection, maintenance and repair of the

construction equipment and/or vehicles involved in the occurrence for a period of one year prior to the date of the occurrence.

### (H)　DEMAND FOR CONTRACTS

PLEASE TAKE NOTICE, that the undersigned demands on behalf of plaintiff in this action, that you produce at the time and place specified, and permit the undersigned to discovery, inspect and copy each and every contract between any of the parties to this action.

### (I)　AS TO THE DEMAND FOR DEFENDANT(S) ADDRESSES

Defendant(s) are required to furnish a verified statement setting forth the post office address and residence of each defendant/third-party defendant/fourth-party defendant, etc.; if any named defendant/third party defendant/fourth-party defendant, etc., is not an individual, then such defendant, third-party defendant/fourth-party defendant, etc., is required to furnish a verified statement of an officer of member of said entity who may be served with process herein.

### (J)　AS TO ANY TESTS, INSPECTIONS, OR ACCIDENT RECONSTRUCTION

Defendant(s) are hereby notified pursuant to <u>Balian v. General Motors</u>, 121 N.J. Super. 118 (App.Div.1972) that Plaintiff demands to be present at any inspection, testing, evaluation, measurements, or accident reconstruction of the premises in question. Failure to be so notified and to be permitted attendance at same will result in a motion to bar said results.

### AS TO CONTINUING NATURE OF ALL OF THE DEMANDS SET FORTH ABOVE AND PLAINTIFF(S)' TRIAL POSTURE WITH RESPECT THERETO:

Notice is hereby given on behalf of the plaintiff(s) herein that each and every demand set forth herein constitutes a continuing demand through the time of trial/retrial of this action.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

                                              LaBarbiera & Martinez
                                              Attorney for Plaintiff(s)
                                              Juan R. Vega and Maria Vega

                              By: _____
                                   LUIS A. MARTINEZ, ESQ.

Dated: May 8, 2017